W. T. BLACKWELL v. MATILDA CUMMINGS and others.

Where a mortgage is impeached for fraud, in that, the execution of it was obtained through false and deceitful representation, it is competent for the mortgagee (the plaintiff) to prove that the mortgagors executed the same of their own accord, and without solicitation on his, the mortgagee's part, as facts and circumstances to go to the jury for the purpose of disproving the allegations of fraud. The weight to be given to such evidence is altogether a question for the jury.

CIVIL ACTION tried before *Clarke, J.*, at the Spring Term, 1872, of LENOIR Superior Court.

The suit was brought by plaintiff to foreclose a certain mortgage made by defendant Matilda and her husband, since dead, to secure the sum of $2,000, of which there was due at the time the complaint was filed $1,440.80.

The answer of the defendant Matilda, the other defendants being her children, and heirs at law of James B. Cummings, deceased, her husband, alleges that the mortgage described in the complaint of plaintiff was void on account of fraud, and was obtained to defraud her husband and herself of their homestead by the false and fraudulent representations of the plaintiff.

On the trial, to support the allegation of fraud, the defendant, Matilda, testified that she was induced to sign the mortgage, for the reason that the plaintiff promised to ad-

vance to her husband, to be used in his business, the sum of $700 over and above a judgment which he, the plaintiff, had obtained against them; and that when applied to, a day or two after, refused to comply with his promise, giving as a reason that certain property was not transferred in the mortgage, which her husband, plaintiff, said had ·previous to its execution, promised should be contained in it; that she applied to plaintiff again for the $700, and he again refused to pay the same, alleging the same reason.

A. J. Loftin, for the defendant, testified that he was the plaintiff's attorney at the time the mortgage was drawn; that the mortgage was read to the parties, and that the plaintiff objected to it, for the reason that certain property in Newbern was left out of it, and there was no power of sale; that plaintiff consulted with him, the witness, and upon being advised that it would be sufficient, he finally accepted it.

The plaintiff himself testified that the mortgage was made at the instance of the defendants, and that he agreed to pay the $700 to the defendants, and was ready to do so; but that the defendant came to him and told him that her husband was drinking and that she did not want the $700 paid to him; that afterwards both defendant and her husband came to him and told him they did not wish the money ($700) paid; that the judgment was as much as they could redeem. He further testified that the defendant, since the death of her husband, had expressed her gratification to him, the plaintiff, that the $700 had not been paid, as it would have been an entire loss. That he was boarding with defendant when the mortgage was executed, and had been for twelve or eighteen months.

It appeared in evidence that the defendant superintended her husband's business, and had control of his money.

The plaintiff then offered to prove that the defendant and her husband proposed to make the mortgage of their own accord, without any solicitation whatever from him, as

facts and circumstances to go to the jury for the purpose of disproving the allegations of fraud contained in the answer to the complaint. This was objected to, and ruled out by the Court. Plaintiff excepted.

Plaintiff insisted and requested his Honor so to charge, that if the jury should be of opinion from the evidence that the sum of $700, which the defendant alleges was demanded by her before signing the mortgage, was subsequently relinquished by her and her husband. and the plaintiff relieved from paying the same upon her request, then they should find for the plaintiff. This request was omitted by the Court, it not having been made when the Judge charged. the jury.

There was a verdict for the defendants. Motion for a new trial; motion refused. Judgment and appeal by the plaintiff.

*Phillips & Merrimon,* for appellant.
*Smith & Strong,* contra.

BOYDEN, J. In this case the defendant alleged that the deed of mortgage made to the plaintiff by the defendant and her husband was fraudulent and void for several reasons; and among other reasons, says, "that the plaintiff, for the purpose of securing a judgment for thirteen hundred dollars, he had obtained against the husband of the defendant, falsely and deceitfully, for the purpose of obtaining the real estate in controversy as a security for his judgment offered to lend to her husband $700 in cash, if her said husband, together with defendant, Matilda, would join in a mortgage of the real estate now in controversy, to secure the payment both of the judgment and the seven hundred dollars then offered to be advanced; and that having implicit confidence in the plaintiff, they at length yielded to his solicitations, and executed the mortgage in controversy." The plaintiff offered to prove, "that the defendant and her

husband proposed to make the mortgage of their own accord, without any solicitation whatever from the plaintiff, as facts and circumstances to go to the jury for the purpose of disproving the allegations of fraud, as alleged in the answer and sworn to by the defendant." This evidence was objected to by the defendant and rejected by the Court. In this there was error, as we hold that upon the question of fraud made by the defendant, this evidence was clearly competent; but how much weight the jury would have given to it was a question for them.

This disposes of the case in this Court and renders it unnecessary to notice the other questions made in the cause.

There is error.

This will be certified.

PER CURIAM.                    Venire de novo.